UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:25-CV-62273

ESTEBAN GUERRA,

    Plaintiff,

vs.

RESTORE IT ALL, INC. AND
SILVIA SVERA,

    Defendants.
_____/

## COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Esteban Guerra, sues Defendants, Restore It All, Inc., and Silvia Svera, as follows:

*Parties, Jurisdiction, and Venue*

1. Plaintiff, Esteban Guerra, is over 18 years old and has been a sui juris resident of Miami-Dade County, Florida, at all times material.

2. Plaintiff was an employee of the Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3. Plaintiff was a non-exempt employee of the Defendants.

4. Plaintiff consents to participate in this lawsuit.

5. Defendant, Restore it All, Inc., is a sui juris Florida for-profit company that was authorized to conduct and actually conducted its for-profit business in this District from is headquarters in Hollywood, Broward County, Florida.

6. Defendant, Silvia Svera, was and is an owner/officer/director of the corporate

1

Defendant during the time relevant to this lawsuit. Defendant, Silvia Svera, ran its day-to-day operations, was responsible for significant operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

7. Defendants were Plaintiff's direct employers, joint employers, and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

8. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, et seq., and 26 U.S.C. §7434.

9. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Plaintiff worked and was due to be paid in this District, and because most, if not all, of the operational decisions were made in this District, with the Defendants' corporate office in Broward County, Florida.

10. Any conditions precedent to filing this lawsuit occurred and/or were satisfied by Plaintiff.

*FLSA Jurisdictional Allegations*

11. Plaintiff worked as an "electrician" for the Defendants from approximately 2019 to October 10, 2025.

12. Plaintiff's job duties included electrical work such as cable splicing, transformer work, and other technical tasks performed by experienced electricians.

13. To the extent that records exist regarding the exact dates of Plaintiff's employment, Defendants are believed to have such records (or the FLSA required Defendants to make and keep these records).

14. Plaintiff regularly and routinely utilized telephones, cellular telephones, tools, and machinery, and he installed for the Defendants' customers electrical components, wires, conduit, and other goods and supplies that moved through interstate commerce.

15. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

16. Defendants regularly employed two or more employees for the relevant time that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' electrical infrastructure contracting business an enterprise covered by and subject to the requirements imposed by the FLSA.

17. In their electrical infrastructure contracting business, Defendants provide underground electrical infrastructure while using mechanical equipment, heavy machinery, vehicles, electrical components and wires, tools, protective equipment, toner, printers, pens, paper, phone systems, machinery, appliances, telephones, computers, computer networking equipment, computer software, telephones, telephone equipment, and other goods and materials that also have moved through interstate commerce, and other materials and supplies, all of which were previously placed in the stream of commerce from outside of the State of Florida before being received in this District to engage in interstate commerce.

18. Defendants also communicated with their workers and with others by regularly and routinely using telephones to transmit information through email and the Internet, and these transmissions regularly and routinely traveled outside the State of Florida.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

19. Defendants also engage in interstate commerce in the course of regular and recurrent sending and/or receipt of money outside of the State of Florida.

20. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in conducting their business.

21. Defendants' annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 per year and/or $125,000 for each fiscal quarter during the preceding three years.

### FLSA Overtime Liability and Damages

22. Defendants agreed to pay Plaintiff $32.00 for each hour he worked.

23. Plaintiff regularly and routinely worked over 40 hours in one or more workweeks for Defendants.

24. Plaintiff's overtime rate of pay should have been $48.00 for each overtime hour worked.

25. Defendants did not pay Plaintiff overtime wages of $48 per hour (one and a half times his regular hourly rate of $32) for all hours worked over 40 hours in a given workweek.

26. Plaintiff suffered damages because Defendants did not pay him all the overtime wages he earned during the time relevant to this lawsuit.

27. Defendants willfully and intentionally refused to pay Plaintiff wages at one and one-half times his regular pay rate for each hour of overtime (or part thereof) worked during the

4

relevant time period.

28. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff time and one-half overtime wages for the overtime hours worked during the relevant time violated the FLSA, intentionally misled Plaintiff into believing they were not required to pay overtime wages, and/or devised a scheme that deprived Plaintiff of the overtime pay earned.

29. Worse, the Defendants have been sued previously for failing to pay the overtime required by law, and not paying the Plaintiff the overtime wages he earned, in light of their experience, is further evidence of their intentional and/or reckless conduct.

30. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

31. Plaintiff is entitled to recover from the Defendants, jointly and severally, all overtime wages but not timely paid, an equal amount as liquidated damages, plus attorney's fees and costs.

WHEREFORE Plaintiff, Esteban Guerra, demands the entry of a judgment in his favor and against Defendants, Restore it All, Inc. and Silvia Svera, jointly and severally after trial by jury and as follows:

a. That Plaintiff be awarded compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);
b. That Plaintiff be awarded pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;
c. That Plaintiff be awarded reasonable attorney's fees, costs, and expenses pursuant to the FLSA;
d. That Plaintiff be awarded all other interest allowed by law;
e. That the Court declare Defendants to have willfully violated the FLSA; and
f. Award Plaintiff such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Esteban Guerra, demands a trial by jury of all issues so triable.

Respectfully submitted this 11th day of November 2025,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:   305.230.4884
Counsel for Plaintiff
