IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 25-cv-62273-SINGHAL/STRAUSS

ESTEBAN GUERRA,
             Plaintiff,
vs.

RESTORE IT ALL, INC. and
SILVIA SVERA,
             Defendants.
_____/

### **DEFENDANTS' MOTION TO DISMISS**

Defendants, RESTORE IT ALL, INC. and SILVIA SVERA, by and through undersigned counsel, hereby move to dismiss the Complaint pursuant to Rule 12(b)(6), *Fed. R. Civ. P.*  In support, Defendants state as follows:

1.     The Complaint purports to assert a claim for unpaid wages under the FLSA, 29 U.S.C. §201 *et seq.*

2.     The Complaint, Paragraph 11, states, *generally*, that Plaintiff worked for Defendants from "approximately 2019 to October 10, 2025," and the Complaint further *generally* asserts, in Paragraph 23, that Plaintiff worked over 40 hours per week and was not paid overtime.[1]

3.     However, the Complaint fails to provide any specificity as to the basis of the claim, and completely fails to allege:

- any <u>particular workweek</u> during which Plaintiff worked overtime

- the <u>number of hours</u> that Plaintiff allegedly worked overtime

---

[1] This far surpasses the two-year standard statute of limitations under the FLSA, as well the three-year statute of limitations for willful violations.

- the <u>dollar amount</u> of wages that Plaintiff was unpaid

4.      In addition, Plaintiff makes only threadbare allegations of willfulness (giving rise to liquidated damages and the extended three-year statute of limitations) as follows:

> (Par 28) Defendants either recklessly failed to investigate whether their failure to pay Plaintiff time and one-half overtime hours worked during the relevant time violated the FLSA, intentionally misled Plaintiff into believing they were not required to pay overtime wages, and/or devised a scheme that deprived Plaintiff of the overtime pay earned.

5.      However, again, this allegation is conclusory and devoid of any factual basis that would constitute intentional or reckless conduct.  There are only vague references clearly meant to invoke the statute while avoiding any specificity whatsoever. The Complaint references a failure to investigate but does not assert when and if any investigation was demanded, and, if so, by whom.  It states that Defendants misled Plaintiff as to whether Defendants were required to pay overtime wages, but it fails to state anything about the circumstances of the alleged "misleading."  Who did the misleading (including which Defendant)?  When was the misleading done? Was the misleading preceded by some type of inquiry, complaint, or dispute?  Without any specificity, it appears Plaintiff is simply concocting general allegations in order to achieve the benefit of an allegation of willfulness, i.e., liquidated damages and an extended statute of limitations, without alleging even basic facts necessary for Defendants to evaluate and rebut the claims.

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiff's complaint in its entirety pursuant to Rule 12(b)(6), *Fed. R. Civ. P.*, and grant such other relief as the Court deems just and proper.

## MEMORANDUM OF LAW

Courts consistently dismiss FLSA complaints that fail, as here, to allege one at least one specific workweek in which overtime was improperly paid.  For example, in <u>Pruell v. Caritas Christi,</u> 678 F. 3d 10 (1st Cir. 2012), the amended complaint provided only three general allegations regarding unpaid work but failed to provide specific examples of unpaid time.  The trial court dismissed the initial complaint "given the lack of any information on plaintiffs' approximate weekly wages or hours worked, or even an allegation that thy had worked in excess for forty hours in any workweek." <u>Id.</u> at 12.  Plaintiffs then filed an amended complaint "adding only the general allegation" that class members "regularly worked over 40 hours a week and were not compensated for such time." <u>Id.</u> The district court dismissed the amended complaint with prejudice, based on the lack of specificity. The First Circuit affirmed the dismissal but remanded to allow the plaintiff one final attempt to amend to give plaintiffs a final opportunity to file a sufficient complaint.  The court noted that "[t]he key statement – 'regularly worked hours over 40 in a week and were not compensated for such time' – is one of those borderline phrases" that "while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross the line between the conclusory and the factual." <u>Id.</u> at 6, quoting <u>Penalbert-Rosa v. Fortuno-Burset</u>, 631, F. 3d 592, 595 (1st Cir. 2011).

Other courts, including in this Circuit, have similarly held that threadbare allegations such as that a plaintiff "regularly worked in excess of forty hours per week without receiving overtime pay" are insufficient to survive a motion to dismiss.  <u>See</u>, <u>e.g.</u>, <u>Cooley v. HMR of Ala., Inc.</u>, 259 F. Supp. 3d 1312, 1319 (N.D. Ala. April 11, 2017), surveying opinions, and granting motion to dismiss without prejudice, where Plaintiff's

complaint failed to provide "sufficient factual allegations to support a reasonable inference that they worked more than forty hours in at least one workweek and that the Defendant failed to pay the requisite overtime premium for hose overtime hours."  See also Holcomb-Jones v. StoneMor Partners, L.P., 218 U.S. Dist. LEXIS 174125, *4 and *8-9 (N.D. Ala. October 10, 2018) (granting motion to dismiss with prejudice where plaintiffs alleged only vaguely that they "were regularly required to work more than forty hours a week . . ." and stating that "despite providing some additional detail in the second amended complaint, the fact remains that the plaintiffs fail to allege a single workweek in which they actually worked in excess of forty hours"); accord DeJesus v. HF Mgmt. Servs., LLC, 2012 U.S. Dist. LEXIS 152263 * 5 (E.D.N.Y. October 23, 2012) (affirming dismissal where the complaint alleged only that plaintiff "worked more than forty hours in some or all weeks' [but] failed to make any approximation of her hours that would render her claim plausible rather than merely conclusory").

Here, the complaint does not cite to a single particular workweek for which Plaintiff was underpaid, nor state the number of hours for which he was underpaid, or the dollar amount he was underpaid, and it presents no specific allegations to support its allegations of willfulness.  Therefore, based on the authority cited herein, Defendants respectfully pray for entry of an order dismissing the complaint.

Respectfully submitted,
/s/ Jed R. Friedman
JED R. FRIEDMAN, P.A.
25 SE 2nd Avenue, Suite 716
Miami, FL 33131
Telephone: (305) 375-0808
Fax: (305) 675-5971
friedmanlawfirm@gmail.com
Florida Bar No. 337500

4

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY, that a true and correct copy of the foregoing was served by the Court's CM/ECF system to all attorneys on the below service list on December 18, 2025.

<u>By: /s/ Jed R. Friedman</u>
**Jed R. Friedman, P.A.**

**SERVICE LIST**

| | |
|---|---|
| Brian Pollock, Esq.<br>Fairlaw Firm<br>135 San Lorenzo Avenue<br>Suite 770<br>Coral Gables, FL 33146<br>brian@fairlawattorney.com<br>*Attorney for Plaintiff* | Katelyn Schickman, Esq.<br>15870 SW 42 Ter<br>Miami, Florida 33185<br>Katelyn90600@gmail.com<br>*Attorney for Plaintiff* |