UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:25-CV-62273-SINGHAL/STRAUSS

ESTEBAN GUERRA,

    Plaintiff,

vs.

RESTORE IT ALL, INC. AND
SILVIA SVERA,

    Defendants.
_____/

## **RESPONSE IN OPPOSITION TO MOTION TO DISMISS**

## **I. INTRODUCTION**

Plaintiff, Esteban Guerra, filed a one-count Complaint alleging that Defendants failed to pay him the overtime wages required by the Fair Labor Standards Act ("FLSA") [ECF No. 1]. Defendants responded to the Complaint with a Motion to Dismiss, contending that dismissal is appropriate because Mr. Guerra "does not cite to a single particular workweek for which Plaintiff was underpaid, nor state the number of hours for which he was underpaid, or the dollar amount he was underpaid" in the Complaint [ECF No. 14]. Defendants' request for dismissal is an improper attempt to impose a heightened pleading on FLSA claims that neither Rule 8 nor the Eleventh Circuit Court of Appeals requires. At the pleading stage, FLSA plaintiffs need not allege exact dates, specific workweeks, precise overtime hours, or exact damages, particularly where such information is within the Defendants' (employers') possession and control. Allegations that Mr. Guerra worked more than forty hours in one or more workweeks and was not paid overtime

1

compensation at one and one-half times his regular rate are sufficient to state a plausible FLSA overtime claim. Therefore, Defendants' Motion is properly denied.

## I. THE COMPLAINT

Mr. Guerra's claim is for recovery based on Defendants' violations of the overtime pay requirements imposed by the FLSA. Mr. Guerra set forth the basic, preliminary allegations regarding the identity of the parties, the Court's jurisdiction, the venue for this dispute, the work he performed, and why Defendants are subject to the FLSA in paragraphs 1 through 21 of the Complaint. [ECF No. 1].

Mr. Guerra then alleged the manner in which Defendants paid him, that they failed to pay him overtime wages, and how they violated the overtime pay requirements imposed by the FLSA in paragraphs 22-31 of the Complaint. *Id.* Mr. Guerra alleges when he worked for the Defendants and the type of work he performed for them.

## II.     THE LAW

Fed. R. Civ. P. requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has made clear that plausibility pleading does not demand evidentiary detail:

> "While a complaint attached by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions…"

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955 (2007).

A complaint satisfies Fed. R. Civ. P. R. 8 by containing sufficient factual content to permit a reasonable inference of liability:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).

The Eleventh Circuit Court of Appeals discussed in *Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. 2008), that FLSA claims are not difficult or exacting to plead:

> Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act.

The Eleventh Circuit later clarified that stating a claim under the FLSA merely requires that "The facts alleged in the complaint are plausible and raise a reasonable expectation that discovery could supply additional proof of [Defendants'] liability." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). The District Court for the Middle District of Florida recently summarized the law on the pleading requirements necessary to state a claim for unpaid overtime wages under the FLSA as follows:

> Defendants also maintain that Plaintiff failed to sufficiently allege their failure to pay her overtime wages. They argue that "the Complaint lacks any specific allegation regarding the frequency of Plaintiff's alleged overtime work, the amount of alleged unpaid hours, the method by which Plaintiff's time was recorded, [*7] the method by which Plaintiff was compensated, or the approximate value of the overtime compensation Plaintiff alleges is due." (Doc. 12 at 16). Again, the Court disagrees.
>
> "The requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Lab. v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008). When pleading an unpaid overtime claim, "there is no requirement that the Plaintiff explicitly state the amount of damage, but only that the Plaintiff worked in excess of forty hours a week and was not paid overtime wages." *Topol v. Artech Info. Sys., LLC*, No. 615CV1526ORL40KRS, 2016 U.S. Dist. LEXIS 90868, 2016 WL 3763216, at *2 (M.D. Fla. June 24, 2016), *report and recommendation adopted*, 2016 U.S. Dist. LEXIS 90869, 2016 WL 3753486 (July 13, 2016). Indeed, "district courts in the Eleventh Circuit have consistently denied motions to dismiss FLSA overtime claims where defendants argue the complaint requires more factual detail than simply the plaintiff worked unpaid overtime." *McLaughlin v. Select Rehab., LLC*, No. 3:22-CV-59-HES-JBT, 2022 U.S. Dist. LEXIS 241512, 2022 WL 19561398, at *3 (M.D. Fla. Aug. 2, 2022) (collecting cases). Such is the case here.

Plaintiff alleges that she worked more than 40 hours per week in one or more weeks during

3

> her employment (from 2020 to January 2025), but Defendants failed to pay her the overtime rate. (Doc. 1 ¶¶ 3, 31-33). This is sufficient. *See Topol*, 2016 U.S. Dist. LEXIS 90868, 2016 WL 3763216, at *2 (finding sufficient the plaintiff's allegation that "during some weeks he worked more than forty hours, and that he was not paid the overtime rate for all of these hours"); [*8] *Reed v. Little Italy Pizzeria*, No. 2:18-CV-196-RWS-JCF, 2019 U.S. Dist. LEXIS 252156, 2019 WL 13411976, at *6 (N.D. Ga. May 15, 2019), *report and recommendation adopted*, 2019 U.S. Dist. LEXIS 252154, 2019 WL 13411975 (June 11, 2019) (finding allegation that plaintiff "often worked more than 40 hours per week" from October 2014 to December 2016 but was not paid overtime for those hours was enough to state an unpaid overtime claim). Requiring anything further "would essentially require [Plaintiff] to prove [her] claim at the pleading stage." *McLaughlin*, 2022 U.S. Dist. LEXIS 241512, 2022 WL 19561398, at *3. Thus, Plaintiff states a valid claim for unpaid overtime under the FLSA.

*Vieyra v. Triple Diamond 777'S, LLC*, 2025 U.S. Dist. LEXIS 67353, at *6-8 (M.D. Fla. Apr. 9, 2025). A few months earlier, this Court came to the same conclusion after engaging in the same analysis when considering a similar motion to dismiss in *Cipriano v. LJ Hayashi Japanese Rest., LLC*, 2025 U.S. Dist. LEXIS 4496, at *1 (S.D. Fla. Jan. 8, 2025), report and rec. approved, 2025 U.S. Dist. LEXIS 8555, at *1 (S.D. Fla. Jan. 15, 2025) (Singhal, J.) Accordingly, the Defendants' request for dismissal based on a hyper-detailed pleading standard is not supported by the law and properly denied.

### III.   ARGUMENT

Defendants' move to dismiss Mr. Guerra's FLSA overtime claim under Fed. R. Civ. P. Rule 12(b)(6) by arguing that the Complaint fails to state a claim because it does not identify a specific workweek or allege the precise number of overtime hours worked. [ECF No. 14]. Defendants' argument seeks to impose a heightened pleading standard inconsistent with Fed. R. Civ. P. 8 and the caselaw establishing the elements necessary to state a claim under the FLSA. At this stage, the Court asks only whether the Complaint plausibly alleges an entitlement to relief and provides Defendants fair notice of the claim and the grounds on which it rests. Mr. Guerra's Complaint [ECF No. 1] complies with Fed. R. Civ. P. 8 by containing a "short and plain statement of the claim".

4

In the FLSA context, the Eleventh Circuit has recognized that the requirements to state a claim are straightforward and do not impose a heightened pleading standard. *See Labbe*, 319 Fed. Appx. at 763. Herein, Mr. Guerra alleges that Defendants employed him, were subject to the FLSA, paid him $32 per hour, were required to pay him $48 per overtime hour, that he worked more than forty hours in one or more workweeks for them, and that they failed to pay overtime compensation at one and one-half times his regular rate. [ECF No. 1, ¶¶ 1-31]. These allegations plausibly state an FLSA overtime claim and provide Defendants fair notice of the claim and its factual basis. Defendants' insistence that Plaintiff plead a particular workweek and the precise number of overtime hours he seeks is the subject of discovery and then summary judgment, not a motion to dismiss.

Defendants' position also ignores the practical reality that employers control time and payroll records. Where an employer's records are inaccurate or inadequate, employees are not required to prove the "precise extent" of uncompensated work at the outset:

> [W]here the employer's records are inaccurate or inadequate and the employee cannot provide convincing substitutes … the solution is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work.

*Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 66 S. Ct. 1187 (1946). Thus,

Defendants rely primarily on out-of-circuit and nonbinding decisions to argue that Mr. Guerra must plead a specific overtime workweek, but neither Rule 8 nor 12(b)(6) requires an FLSA plaintiff to plead in the Complaint each week they worked overtime, the precise overtime hours worked each week, or damages claimed. Mr. Guerra's allegations in the Complaint are sufficient and raise a reasonable expectation that discovery will supply additional proof regarding the specific workweeks, overtime hours, and amount of overtime wages owed to Mr. Guerra.

135 San Lorenzo Avenue, Suite 770, Miami, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## IV. CONCLUSION

The Court properly denies Defendants' Motion to Dismiss because the Complaint adequately alleges sufficient facts to state a plausible FLSA overtime claim to provide Defendants with fair notice of the claim at issue. Mr. Guerra is not required to allege exact dates or precise overtime hours at this stage of the proceedings. Accordingly, Defendants' Motion to Dismiss should be denied.

Respectfully submitted this 24th day of December 2025.

>                          Katelyn Schickman, Esq.
>                          Brian H. Pollock, Esq. (174742)
>                          brian@fairlawattorney.com
>                          Kaelyn Schickman, Esq. (1064879)
>                          katie@fairlawattorney.com
>                          FAIRLAW FIRM
>                          135 San Lorenzo Ave
>                          Suite 770
>                          Coral Gables, FL 33146
>                          Tel:    305.230.4884
>                          *Counsel for Plaintiff*

135 San Lorenzo Avenue, Suite 770, Miami, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*