IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 25-cv-62273-SINGHAL/STRAUSS

ESTEBAN GUERRA,
          Plaintiff,
vs.

RESTORE IT ALL, INC. and
SILVIA SVERA,
          Defendants.
_____/

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

Defendants Restore It All, Inc., and Silvia Svera hereby reply in further support of their motion to dismiss (DE 14), and, in support, state as follows:

Plaintiff presents a caricature of Defendants' argument. Defendant does not seek to impose a "hyper-detailed pleading standard" but instead requests *some* factual basis – beyond threadbare allegations -- for a claim of *willful* violation against a corporate defendant, and its principal in her *personal* capacity.

As stated in the motion to dismiss, Plaintiff does not provide even a preliminary estimate as to the number of hours for which overtime was unpaid, the amount of unpaid wages, or even identify any particular week for which overtime was not paid. Instead, in Paragraph 11 of the Complaint (DE 1), one is merely given a six-year time frame during which plaintiff worked for Defendant: "approximately 2019 to October 10, 2025" -- far surpassing even the extended three-year statute of limitations for willful violations under the FLSA available under plaintiff's best-case scenario. Plaintiff does not address these deficiencies at all except to say that the allegations are sufficient under Sec'y of Labor v. Labbe, 319 Fed. Appx. 761 (11th Cir. 2008) -- an unpublished case which may be cited only as persuasive but not binding authority, and which was decided

before the Supreme Court's decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009), which explicitly expanded the plausibility pleading standard to apply to all civil cases, beyond antitrust cases.

As to willfulness, Plaintiff states, in Paragraph 28 of the Complaint, only as follows:

"Defendants either recklessly failed to investigate whether their failure to pay Plaintiff time and one-half overtime wages for the overtime hours worked during the relevant time violated the FLSA, intentionally misled Plaintiff into believing they were not required to pay overtime wages, and/or devised a scheme that deprived Plaintiff of the overtime pay earned."

These words are so generalized that they render the extended statute of limitations and liquidated damages a benefit automatically yielded by inserting into a complaint a few generalized, magical words that could be equally applied to any case.

Defendants are told nothing of the nature of the "scheme" "devised" or of the "intentional misleading," or of the most basic information regarding the "investigation." Instead, Plaintiff recites only a catch-all presented as an "and-or" alternative and couched in sinister wording akin to allegations of fraud, that could, with nothing more, be inserted into nearly any FLSA complaint with the effect of rendering the normal statute of limitations and liquidated damages provisions all but superfluous.

With regard to personal liability regarding Silvia Svera, the sole allegation is in paragraph 6 of the Complaint:

"Defendant, Silvia Svera, was and is an owner/officer/director of the corporate Defendant during the time relevant to this lawsuit. Defendant, Silvia Svera, ran its day-to-day operations, was responsible for significant operational decisions, and was partially or totally responsible for paying Plaintiff's wages."

These types of conclusory allegations are similar to those in <u>Usai v. Club Mgmt Miami II, LLC</u>, 2025 U.S. Dist. LEXIS 187150 (S.D. Fla. Sept. 23, 2025), in which a Court in this district dismissed a complaint with similar allegations. In <u>Usai, Id.</u> at *25-26, Plaintiff alleged that the personal Defendant:

- Was "the managing member and operator of Defendant"
- was "vested with operational control over Defendant"
- had the "authority to hire, fire, and discipline employees"
- Exercised day to day control over the operations
- Determined and mainataind company payroll practices
- Determined the payment of wages
- Determined working conditions
- Actively directed and managed the company's business affairs
- Managed business decisions re: FLSA compliance

The Court dismissed, characterizing the allegation as a "mere formulaic recitation of elements of a cause of action." The Court, citing to <u>Chavez v. Am. Coach Lins of Miami, Inc.</u>, 2010 U.S. Dist. LEXIS 162640 (S.D. Fla. Aug. 19, 2010), noted that "Plaintiffs fail to allege any supporting or specific facts describing the nature of Peebles' position, the manner in which he exerted control over the day-to-day operations of Club Management, or the manner in which he exerted control over the payroll practices and payment of wages." <u>USAI</u>, *supra*, at *27. The allegations in <u>USAI</u> are more expansive than those in the instant case yet still supported dismissal without prejudice. Moreover, personal liability under the FLSA does not automatically extend to any corporate officer but is based on the economic reality test. See, e.g., <u>Patel v. Wargo</u>, 803 F.2d 632 (11th Cir. 1986). Yet by merely reciting general characteristics that appear common to

3

corporate principals everywhere, Plaintiff here would render personal liability nearly automatic based on the presence of a corporate structure that includes -- by title -- officers, directors, managers and the like.

With respect to the wage theft claim under the FLSA, the USAI court also dismissed, relying on numerous holdings in the Southern District of Florida and noting that "the Complaint does not include an estimate of the total amount of unpaid wages or a preliminary calculation of such wages." USAI, *supra*, at *30.

Similarly, here, the complaint fails to make even such preliminary calculations -- in addition to providing almost no factual support for its willfulness allegations, or personal allegations against Silvia Svera. And while Sec'y of Labor v. Labbe, 319 Fed Appx. 761 (11th Cir. 2008) may be cited as persuasive authority, it should not supersede the persuasive value of other courts in the Southern District of Florida.

Accordingly, Defendants pray that the complaint be dismissed without prejudice.

Respectfully submitted,
/s/ Jed R. Friedman
JED R. FRIEDMAN, P.A.
25 SE 2nd Avenue, Suite 716
Miami, FL 33131
Telephone: (305) 375-0808
Fax: (305) 675-5971
friedmanlawfirm@gmail.com
Florida Bar No. 337500

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing was served by the Court's CM/ECF system to all attorneys on the below service list on December 31, 2025.

By: /s/ Jed R. Friedman
**Jed R. Friedman, P.A.**

## SERVICE LIST

| | |
|---|---|
| Brian Pollock, Esq.<br>Fairlaw Firm<br>135 San Lorenzo Avenue<br>Suite 770<br>Coral Gables, FL 33146<br>brian@fairlawattorney.com<br>*Attorney for Plaintiff* | Katelyn Schickman, Esq.<br>15870 SW 42 Ter<br>Miami, Florida 33185<br>Katelyn90600@gmail.com<br>*Attorney for Plaintiff* |