UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:25-CV-62273-SINGHAL/STRAUSS

ESTEBAN GUERRA,

     Plaintiff,

vs.

RESTORE IT ALL, INC. AND
SILVIA SVERA,

     Defendants.

_____/

**JOINT MOTION FOR APPROVAL OF**
**SETTLEMENT AGREEMENT AND DISMISSAL OF CASE WITH PREJUDICE**

The Parties, ESTEBAN GUERRA ("Plaintiff") and RESTORE IT ALL, INC., and SILVIA SVERA ("Defendants") (collectively, the "Parties"), jointly request the Court: (1) conduct an in-camera inspection, via email, of the Parties' Confidential Settlement Agreement and Release (the "Agreement"); (2) approve the Agreement; and (3) enter an Order of Final Dismissal with Prejudice of this action with the Court to retain jurisdiction to enforce the Agreement. In support of this Motion, the Parties jointly state as follows:

1. Plaintiff filed a Complaint for alleged overtime violations pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA") [ECF No. 1].

2. Defendants responded to the Complaint with a Motion to Dismiss, which was fully briefed by the Parties. [ECF Nos. 14, 15, 16].

3. The parties have participated in discovery during the litigation including review and analysis of paycheck and time records. The parties have engaged in extensive negotiation in an effort to resolve this matter without further expenditure of time and money.

4. After exchanging the information necessary to fully evaluate the issues, and despite their legal and factual disputes, the parties reached a settlement which they stipulate is fair and reasonable, and in which Defendants continue to deny (and not admit) liability.

5. Believing that settlement promotes efficiency and brings a reasonable and fair result to this litigation, the Parties resolved this matter to avoid the risks and additional expenses associated with continued litigation of this matter, including jury trial and any and all post-trial matters (i.e. appeal, etc.).

6. The parties' settlement will provide for payment of all overtime wages recoverable by the Plaintiff, an equal amount as liquidated damages, and reasonable attorney's fees and costs, such that Plaintiff did not compromise his claim.

7. The parties' settlement also includes non-monetary terms, such as a mutual general release of all claims, confidentiality, mutual non-disparagement, and a neutral work reference for the Plaintiff, all of which will provide additional benefits to the Parties beyond what could be obtained in a judgment based on a decision by the Court and/or following a jury verdict.

8. The Parties seek Court's approval of the Settlement Agreement as fair and reasonable due to the lack of compromise by the Plaintiff and the Parties' stipulation that the terms are fair and reasonable.

9. Counsel have zealously represented their clients' respective interests and have negotiated a settlement that is acceptable to the Plaintiff and the Defendants. All parties are represented by experienced counsel in this action. The Plaintiff and Defendants and their respective counsel agree and stipulate that the settlement represents a fair, reasonable and arm's length compromise of their claims. There was no undue influence, overreaching, collusion or

intimidation in reaching the parties' settlement. The Parties' Agreement is being provided via email for the Court's inspection.

10.     To effectuate the Court's approval of the Parties settlement as fair and reasonable, the Parties have submitted the Settlement Agreement by email to the Court due to their agreement to confidentiality as a material term of the settlement.

11.     The Parties request that the Court enter an Order approving the Settlement Agreement as fair and reasonable and dismiss this case with prejudice upon condition that the Court retain jurisdiction to enforce the Settlement Agreement, if necessary.

**WHEREFORE**, the Parties jointly request the Court: (1) review the Settlement Agreement as emailed to the Court; (2) approve the Settlement Agreement as fair and reasonable; and (3) enter an Order of Final Dismissal with Prejudice of this action upon condition that the Court retain jurisdiction to enforce the settlement agreement if necessary

Respectfully submitted this 28 day of April, 2026.

| By: *s/Brian H. Pollock* | By: _*/s/ Jed R. Friedman*_ |
|---|---|
| Brian Pollock, Esq. | JED R. FRIEDMAN, ESQ. |
| Fairlaw Firm | JED R. FRIEDMAN, P.A. |
| 135 San Lorenzo Avenue | Email: friedmanlawfirm@gmail.com |
| Suite 770 | 25 SE 2nd Avenue, Suite 716 |
| Coral Gables, FL 33146 | Miami. FL 33131 |
| brian@fairlawattorney.com | Telephone: (305) 375-0808 |
| *Attorney for Plaintiff* | Fax: (305) 675-5971 |
| | *Attorney for Defendants* |