## CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Confidential Settlement Agreement and Mutual General Release (this "Agreement") is entered into by and among RESTORE IT ALL, INC., including its predecessors, successors and assigns, parent corporations, subsidiary corporations, affiliated corporations, attorneys, insurers and agents; SILVIA SVERA, including her heirs, representatives, agents, insurers, successors, and assigns (hereinafter collectively referred to as "Defendants"), and ESTEBAN GUERRA, including his heirs, representatives, agents, insurers, successors, and assigns, (hereinafter referred to as "Plaintiff"), (hereinafter Defendants and Plaintiff collectively referred to as the "Parties"), for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

This Agreement shall affect the release of all claims which were, or could have been, asserted by and among Plaintiffs and Defendants in the lawsuit styled *ESTEBAN GUERRA v. RESTORE IT ALL, INC. and SILVIA SVERA,* Case No.: 25-cv-62273-SINGHAL/STRAUSS pending in the United States District Court for the Southern District of Florida (hereinafter referred to as the "Litigation").

**Mutual General Release.** In consideration for the promises contained in this Agreement, the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, causes of action, and all incurred attorney's fees and costs, which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of Plaintiff's employment with any Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under:

- Title VII of the 1964 Civil Rights Act;
- The Civil Rights Act of 1991;
- The Age Discrimination in Employment Act;
- The Older Workers Benefit Protection Act;
- The Equal Pay Act;
- The Fair Labor Standards Act ("FLSA");
- The Employee Retirement Income Security Act (ERISA);
- The Americans with Disabilities Act of 1990;
- The Rehabilitation Act of 1973;
- The Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986;
- The Occupational Safety and Health Act;

**1 of 6**

꙳ RESTORE IT ALL, INC.　　　　　　　　　　　　　　＿＿ ESTEBAN GUERRA
꙳ SILVIA SVERA

- The Florida Civil Rights Act, Chapter 760, Florida Statutes;
- The Florida Private Whistle-blower's Act of 1991;
- Chapter 11A of the Miami-Dade County Code;
- Any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof;.
- Any claims arising under any other federal, state or local statute or act, ordinance, regulation, custom, rule or policy;
- Claims for breach of a contract, implied contract, or *quantum meruit*, or any cause of action or claim for tort damages, negligence or personal injury by, between, or among the Parties; and
- Claims under any instruments, agreements, or documents entered into by, between, or among the Parties.

Each party understands that this means that the parties are releasing each other, and may not bring claims against each other under, *inter alia*,

- Any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof;
- Any claims arising under any other federal, state or local statute or act, ordinance, regulation, custom, rule or policy;
- Claims for breach of a contract, implied contract, or *quantum meruit*, or any cause of action or claim for tort damages, negligence or personal injury by, between, or among the Parties;
- Claims under any instruments, agreements, or documents entered into by, between, or among the Parties; and
- all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the other, including, but not limited to, any and all claims, demands, liabilities, causes of action, and all incurred attorney's fees and costs, which arise out of, or are in any way connected with Plaintiffs' employment with, or the separation of Plaintiffs' employment with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury, whatsoever to Defendants resulting from any act or omission by or on the part of Plaintiffs committed prior to the date of this Agreement.

In consideration for the mutual promises exchanged herein, Plaintiff and Defendants release and forever discharge each other from any and all claims of any kind which Plaintiff and Defendants had, now have, or hereinafter can, shall or may have against the other party, whether known or unknown to them, by reason of any acts, omissions, events, matters, causes, facts or things occurring or existing prior to the date this Agreement is fully executed and unconditionally delivered by the Parties.

ᔓ  RESTORE IT ALL, INC.                                      ____ ESTEBAN GUERRA
ᔓ  SILVIA SVERA

**Settlement Amount and Attorney's Fees**. In consideration of the mutual promises exchanged herein, Defendants, jointly and severally, shall pay the total sum of Sixteen Thousand and 00/100 Cents ($16,000.00), (the "Settlement Funds"), which shall be received by the office of Plaintiff's Counsel, as follows, no later than seven days following Court approval of this Settlement Agreement. Payment shall be allocated, with deductions and tax reporting and forms issued, as follows:

- $2,500 as back wages, with taxes and withholdings deducted, and for which a W-2 will be issued to Guerra (payable by check issued to Guerra and mailed to Fair Law Firm via overnight courier)
- $2,500 payable to Mr. Guerra, with a 1099 issued to him (payable by check issued to Guerra and mailed to Fair Law Firm via overnight courier).
- The attorneys' fees and costs, in the amount of $11,000, should be paid directly to FairLaw Firm, with a 1099 issued to FairLaw Firm (payable by wire to Fair Law Firm)

Pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982), the Parties shall, upon execution of this Agreement, jointly move for Court approval through Plaintiff filing a Joint Motion for Approval ("Joint Motion") and Proposed Order Dismissing this case with prejudice, and jointly ask the Court to approve the terms of this Agreement, dismiss the Litigation with prejudice, to retain jurisdiction to enforce the terms of this Agreement, and for each side bear its own fees and costs. The Agreement and Proposed Order shall be provided to the Court forthwith following execution of this Agreement.

**Fairness and Reasonableness of Attorney's Fees.** The Parties stipulate and agree that the fees and costs payable under this agreement are fair, reasonable, and appropriate under the circumstances, reflecting the work performed and the results obtained in this matter.

**Attorneys Not Tax Experts.** The Parties acknowledge that the attorneys involved in this Settlement Agreement or the Litigation do not claim to be an expert in tax matters. The Parties further acknowledge and agree that they have neither received nor relied on any tax advice or information from any attorney involved in this Settlement Agreement or the Litigation or in negotiating of this Settlement Agreement.

**Non-Admission Clause.** By entering into this Agreement, Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted in the Litigation, or that could have been asserted in the Litigation, including but not limited to any claim under the FLSA and expressly deny any and all such liability.

**Mutual Non-Disparaging Remarks**. The Parties agree that they will not disparage, defame, or otherwise say anything negative about each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity.

**Neutral Reference**: In the event that a prospective employer requests an employment reference for Plaintiff, the parties agree that Defendants shall only provide the dates and position

3 of 6

__ RESTORE IT ALL, INC.                                    ___ ESTEBAN GUERRA
__ SILVIA SVERA

held by Plaintiff, and the last rate of pay, while working for Defendants, without reference to any claim, lawsuit, or the resolution thereof.

**No Re-Hire:**  Guerra agrees that he will not apply for positions at Restore It All, Inc., or its current affiliates, and Restore It All agrees that that neither it nor its affiliates will hire Guerra for any future position.

**Consent to Magistrate's Jurisdiction.**  With respect to this Settlement Agreement and any enforcement matters pertaining thereto, the parties consent to the jurisdiction of Magistrate Strauss and any subsequent magistrate affiliated with the presiding judge assigned to this matter.

**Mutual Confidentiality.** By receipt of the Settlement Amount set forth above, the Parties expressly agree that the terms of this Agreement (including but not limited to the amount of consideration paid hereunder) will not be discussed either directly or indirectly with any other persons, including but not limited to present or former employees or persons working for any of the Defendants, with the exception of: (1) this agreement may be used as evidence in any action relating to a breach of this agreement; (2) for enforcement of this agreement; (3) the Parties respective counsel; (4) the Parties respective Accountant(s); (5) for reporting to Taxing authorities; (6) the Parties' respective spouse(s); (7) or when otherwise required by law.

This "Confidentiality" provision does not prohibit the Agreement from (a) being submitted to the Court presiding over the Litigation for approval by email (but not via filed on the docket unless required by the Court); and/or (b) being on the docket in connection with a motion to enforce or address a breach of this Agreement (with the Settlement Amount redacted or sealed unless the motion relates to non-payment of the Settlement Amount or has been previously required to be filed on the docket for approval).

**Binding Nature of Agreement:** This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall ensure the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

**Jurisdiction.**  The Parties agree that jurisdiction over this matter shall be in the District Court for the Southern District of Florida, Fort Lauderdale Division, which is presiding over the Litigation.  The Agreement is governed by the substantive law of the State of Florida, and where applicable, federal law.

**Severability.**  In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

**Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter.  No promises or agreements made

_____ RESTORE IT ALL, INC.  _____ ESTEBAN GUERRA
_____ SILVIA SVERA

subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing, signed by an authorized representative of each party, and approved by the Court.

**Enforcement**. In the event any action is commenced to enforce said settlement agreement or for a proven breach of this Agreement, the prevailing party shall be entitled to reasonable attorney's fees, costs, and interest.

**Voluntariness.** The Parties certify that they have fully read, negotiated, and completely understand the provisions of this Agreement, that each Party has been advised by the other to consult with an attorney before signing the Agreement, and that each Party is signing freely and voluntarily, and without duress, coercion, or undue influence. The Parties each acknowledge that they entering into this Agreement freely and voluntarily and with complete understanding of all the rights he/it is waiving in this Agreement and of the irrevocable nature of same. Plaintiff and Defendants acknowledge that they have consulted with counsel of their own choosing before executing this Settlement Agreement. Further, the person signing on behalf of Restore It All, Inc., represents that s/he is authorized to execute this Agreement and bind it to this Agreement.

**Counterparts**: This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions, .pdf versions, and/or copies of the signature block or this Agreement shall be deemed as enforceable as an original.

**Construction**. Plaintiff and Defendants have jointly participated in the negotiation of this Agreement and this Agreement is the product of joint draftsmanship by the Parties. In the event of an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if it was drafted jointly by the Parties and no presumptions or burdens of proof shall arise favoring any party by virtue of authorship of this Agreement.

**Headings**. The Parties agree that the headings used in this Agreement are for convenience and reference only and in no way define, describe, extend, or limit the scope or intent of this Agreement or the intent of any provision in it.

**Cooperation**. The Parties agree to cooperate fully in the execution of any documents or performance in any way which may be reasonably necessary to carry out the purposes of this Agreement and to effectuate the intent of the Parties hereto.

**Translation:** By signing this Agreement, Plaintiff certifies that this Agreement has been translated for him and that he fully understands the terms of this Agreement. **TRADUCCIÓN: AL FIRMAR ESTE ACUERDO, EL DEMANDANTE CERTIFICA QUE ESTE HA SIDO TRADUCIDO Y QUE ENTIENDE COMPLETAMENTE LOS TÉRMINOS.**

**       **      THIS SPACE INTENTIONALLY LEFT BLANK (CONT'D)      **      **

**5** of **6**

_S_  RESTORE IT ALL, INC.                                    ___ ESTEBAN GUERRA
_SS_ SILVIA SVERA

This Agreement is freely and willingly entered into, intending to be bound to it, as follows:

ESTEBAN GUERRA

By:_____
ESTEBAN GUERRA
Date: _____

RESTORE IT ALL, INC.

By:_____
Name:  Silvia  Svera
Title:  President
Date:      4/27/2026

SILVIA SVERA

By:_____
SILVIA SVERA
Date:      4/27/2026

SS RESTORE IT ALL, INC.
SS SILVIA SVERA

___ ESTEBAN GUERRA

This Agreement is freely and willingly entered into, intending to be bound to it, as follows:

ESTEBAN GUERRA

By: _Esteban Guerra_
ESTEBAN GUERRA
Date: _4/24/26_

RESTORE IT ALL, INC.

By:_____
Name:
Title:
Date: _____

SILVIA SVERA

By:_____
SILVIA SVERA
Date: _____

6 of 6

___ RESTORE IT ALL, INC.
___ SILVIA SVERA

_EG_ ESTEBAN GUERRA